UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CLARENCE S. VANBLOUNT,

    Plaintiff,

v.                                                                                  Case No. 5:23-cv-233-TKW/MJF

MIDDLEBROOKS, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has failed to pay the initial partial filing fee despite being provided multiple opportunities to do so. The District Court, therefore, should dismiss this action.

### I. BACKGROUND

**A.** **Plaintiff's Motion for Leave to Proceed *in Forma Pauperis***

On August 23, 2023, Plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against five defendants in their individual capacities: (1) Warden Middlebrooks; (2) Officer A. Pollock; (3) Lieutenant Woody; (4) Fenley Smith; and (5) Darlene Daniels. Doc. 1 at 2–4. He also filed a motion for leave to proceed *in forma pauperis*. Doc. 2.

Attached to his motion for leave to proceed *in forma pauperis*, Plaintiff included a financial affidavit. At the end of the financial affidavit, Plaintiff signed his name under the following: "I hereby declare under penalty of perjury that the above information is true and correct." *Id.* at 2. In his affidavit, Plaintiff claimed that in the twelve months prior to commencing the lawsuit, he had not received any money from any source. *Id.*

Plaintiff also attached an inmate trust account statement. Contrary to Plaintiff's assertion in his affidavit, the trust account statement reflects that in the year before commencing this civil action, Plaintiff's inmate trust account received deposits that totaled $474. *Id.* at 3–5. More specifically, Plaintiff received $315 in the six-month period immediately preceding the date that Plaintiff filed this lawsuit. *Id.*

B.   **The Order Assessing an Initial Partial Filing Fee**

On September 1, 2023, the undersigned granted Plaintiff's motion for leave to proceed *in forma pauperis*. Doc. 4. Pursuant to 28 U.S.C. § 1915(b)(1)(A), the undersigned ordered Plaintiff to pay an initial partial filing fee of $10.50. *Id.* ¶ 3. The undersigned imposed a compliance deadline of October 2, 2023. *Id.* In that order, the undersigned warned

Plaintiff that if he "spends funds that should have been forwarded to the court . . ., this case may be dismissed for non-payment" and that the "failure to pay the initial partial filing fee likely will result in dismissal of this action . . . ." *Id.* ¶¶ 7, 8. Plaintiff did not comply with that order.

**C.    The Undersigned's Order to Show Cause**

On October 16, 2023, the undersigned ordered Plaintiff to show cause why this action should not be dismissed for failure to pay the initial partial filing fee. Doc. 5. The undersigned imposed a compliance deadline of October 30, 2023. *Id.*

**D.    Plaintiff's Dishonest Response to the Undersigned's Order**

On October 23, 2023, Plaintiff explained that he did not comply with the undersigned's order of September 1, 2023, because Plaintiff did "not have . . . money to pay the initial partial filing fee." Doc. 6 at 1. Plaintiff's response was not accompanied by an inmate trust account statement. He also did not include any evidence that he attempted to comply timely with the undersigned's order of September 1, 2023.

**E.    Order to Provide an Updated Inmate Account Statement**

In light of Plaintiff's false assertion in his financial affidavit and the fact that Plaintiff routinely received income from family and friends,

the undersigned ordered Plaintiff to submit a copy of his inmate trust account statement which stated all transactions from August 16, 2023 to November 17, 2023. Doc. 8; Doc. 11. The undersigned imposed a compliance deadline of January 4, 2024. Doc. 11.

F.   **Plaintiff's Account Statement and His Expenditures**

On December 19, 2023, Plaintiff submitted his account statement. Doc. 12. This account statement flatly contradicts Plaintiff's claim that he lacked sufficient funds to pay the filing fee and thus could not comply with the undersigned's order of September 1, 2023.

For example, on August 26, 2023, *three days after submitting the complaint and his motion for leave to proceed in forma pauperis*, Plaintiff received a deposit of $60.00. *Id.* at 3. Thus, he clearly had sufficient funds to pay the initial partial filing fee. In fact, he had sufficient funds in his account until September 27, 2023, when Plaintiff elected to purchase items from the prison's commissary and spent $18.73 on those items.[1] *Id.*

---

[1] On September 14, 2023, Plaintiff also elected to purchase items from the prison's commissary; he spent $24.58 on those items. *Id.* In total, between September 1, 2023, and October 2, 2023, Plaintiff elected to spend $43.31 on discretionary items despite the undersigned's explicit warning that this could result in dismissal of this action.

As a result, on October 2, 2023, Plaintiff had only $10.26 in his account. *Id.*

Plaintiff concedes that he did not comply timely with the undersigned's order. He states that he submitted a special withdrawal request more than a month ***after*** his compliance deadline had passed.[2] Doc. 12 at 1 (indicating that he sent his special withdrawal request in November 2023). Plaintiff offers no excuse for his failure to submit his special withdrawal request timely.

## II. D<small>ISCUSSION</small>

"A party who files a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3. The *in forma pauperis* statute—28 U.S.C. § 1915—allows courts to authorize the

---

[2] This, of course, assumes that Plaintiff now is telling the truth that he actually submitted his special withdrawal request form. As demonstrated above, Plaintiff violated his duty of candor to the District Court by making false statements in his financial affidavit in support of his application to proceed *in forma pauperis* and in his response to the undersigned's order of October 16, 2023. Doc. 2 at 2; Doc. 6 at 1. Consequently, the undersigned is skeptical of the veracity of Plaintiff's allegation that he submitted a special withdrawal in November 2023. This is especially so in light of the fact that Plaintiff neither attached a copy of his special withdrawal request nor provided an exact date that he submitted his request.

commencement of a civil action by a prisoner who submits an affidavit that they are unable to pay. *See Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997). The ability to proceed *in forma pauperis* is not an absolute right, however. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). Rather, it is a privilege that is afforded to those litigants unable to pay costs without undue hardship. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948); *Camp*, 798 F.2d at 437. Accordingly, a federal court "*shall dismiss* the case at *any time* if the court determines that . . . the allegation of poverty is untrue . . . ." 28 U.S.C. § 1915(e)(2)(A) (emphasis added).

The purpose of this provision is "to weed out litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth." *Attwood*, 105 F.3d at 613 (quoting *Matthews v. Gaither*, 902 F.2d 877, 881 (11th Cir. 1990)). Similarly, if a court determines that the plaintiff is "unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its

sound discretion may dismiss the action." *Wilson v. Sargent*, 313 F.3d 1315, 1321 n.7 (11th Cir. 2002); *see* N.D. Fla. Loc. R. 41.1.

Before dismissing a civil action for failure to pay the filing fee, however, the district court must make an "inquiry into why the fee had not been paid as ordered." *Wilson*, 313 F.3d at 1321. When the plaintiff's "own statements prove that he did not comply with a court order and that compliance was within his control, no further investigation is needed." *Walker v. Powell*, 351 F. App'x 384, 386 (11th Cir. 2009).

Plaintiff's inmate trust account statement indicates that Plaintiff possessed sufficient funds to pay the initial partial filing fee on the date this court granted him leave to proceed *in forma pauperis*. Doc. 12 at 3. Nevertheless, Plaintiff made a conscious decision not to pay the initial partial filing fee, and Plaintiff instead elected to spend his funds—**$43.31**—on items at the prison's commissary. As Judge Posner has stated, if an incarcerated plaintiff "thinks a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor." *Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987).

Furthermore, Plaintiff concedes that he did not submit his special withdrawal request until November 2023, which is well after the deadline to comply had expired. He failed to provide any explanation for his tardiness.

A district court may dismiss a case when a plaintiff fails to pay the initial partial filing fee and instead voluntarily exhausts his funds to purchase commissary items. *See Wilson*, 313 F.3d at 1321 n.7 (if the district court determines that the plaintiff is "unable to pay the initial partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss this action."). Because Plaintiff's failure to pay the initial partial filing fee was a result of his own intentional actions, the District Court should dismiss this action.

### III. Conclusion

Because Plaintiff failed to pay the initial partial filing fee, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of court to close this case file.

At Pensacola, Florida, this 21st day of December, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**